## LOUISA FELPS *v.* THE COMMISSIONERS OF THE CLINTON AND PORT HUDSON RAIL ROAD COMPANY.

A purchaser at a sheriff's sale, made on twelve months' credit, under an execution in the name of the liquidating commissioners of an insolvent corporation, against one of its debtors, cannot tender to the sheriff in payment or compensation of his bid, an obligation of the company. If he refuse to pay the price, or to offer the proper sureties, the sheriff must expose the thing seized to a second sale. C. P. 689.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

GARLAND, J. The Commissioners of the Clinton and Port Hudson Rail Road Company, obtained an order of seizure and sale, on a mortgage given by Nathan Edwards and wife, on a tract of land and several slaves, to secure a certain number of shares in the Company, which also had banking privileges, on the faith and credit of which shares, M. Edwards had obtained a loan of $1200, payable according to the provisions of the charter. The property was advertised for sale for cash, and there being no bidders to the amount of two-thirds of its appraised value, it was again offered for sale on a credit of twelve months ; the purchaser to give a bond and security as required by law, with a mortgage on the same. At this sale Louisa M. Felps became the highest bidder, and the property was cried off to her, for $1275. Upon being called on to comply with the conditions of the sale, she tendered to the sheriff two certificates of deposit, one given by the Company on the 31st July, 1838, and the other on the 15th of July, 1841, on which certificates the sum of $1117 44 was due on the day of sale, the sum coming to the plaintiff in execution being $1049 36. Her attorney insisted that these certificates should be received in pay-

ment, and demanded a deed for the property, which the sheriff refused to give ; and she thereupon took a rule on him and the plaintiffs in the order of seizure and sale, to show cause why the certificates should not be received in payment or compensation of the sum bid, and a deed executed according to law.  In addition to these facts, it was shown on the trial of the rule, that the Clinton and Port Hudson Rail Road and Banking Company was insolvent ; that its charter had been declared forfeited in conformity with the acts of the legislature ; that its affairs were in a course of liquidation by the Commissioners ; and that its certificates of deposit were worth at the time of the sale, about thirty-seven and a half cents on the dollar.  It was admitted on the trial, that Mrs. Felps had only become possessed of the certificates of deposite a short time before the sale, and proved that there was a debt in favor of the State, secured by a pledge, or mortgage on all, or nearly all the property of the corporation.

The court made the rule absolute, and ordered the sheriff to receive the certificates of deposit and make a conveyance to Mrs. Felps, from which judgment this appeal has been taken.

We have not been referred to any law, nor have we been able to find any, which authorizes a purchaser at a sheriff's sale, made for cash or on a credit of twelve months, to tender to the sheriff in payment or compensation of his bid the obligations of the creditor, when it is shown that he is insolvent, and the execution is in the name of his syndics or other legal representatives, unless it shall be found in the statute hereinafter mentioned.   Nor have we been shown any law that authorizes such a mode of payment, or compensation, where the creditor in the execution is solvent, and no privileges or rights of third persons are to be affected thereby.   Article 689 of the Code of Practice establishes as a general rule, that " if the person to whom the property has been adjudged, shall refuse to pay to the sheriff the price of the adjudication, or to offer the proper sureties when the sale has been made on credit, the sheriff shall expose to sale anew the thing seized, and adjudge it to another person."   This is a plain rule, and we can easily foresee the embarrassments that might arise by a departure from it, and we cannot do it

unless directed by law. In many cases the plaintiff in execution would be much delayed, as the sheriff is not legally competent to judge upon the demand in compensation. When the sale is for cash, no debt is created between the parties, the money is demandable and payable as soon as the adjudication is made. If the sale be on a credit, and a twelve months' bond be given according to law, we will not say now, whether the obligors in it might, or might not, plead compensation, if a proper case be made out between them and the obligee in it.

The counsel for the plaintiff in the rule has refered us to the acts of the legislature of 1843, p. 56 and 63; also to the case of *The Commissioners of the Exchange and Banking Company of New Orleans* v. *Mudge and another*. 6 Robinson, 387, 397. We have carefully examined these acts, and our decision in the case mentioned. The first section of the first act relied on has *no application to the case. It is confined in its provisions to* stockholders alone. The second section is the one relied on, and is the one under which we decided the case cited. It says, that whenever any person shall be indebted to any liquidating bank for any stock, loan, or otherwise, and shall tender to such bank the bonds of the State issued in favor of that bank, they shall be a legal offset; and said bank shall at all times receive in compensation of debts due to it, their own debts when liquidated and past due, whether for circulation, deposites, or any thing else. We carried this law into effect, in the case against *Mudge et al.*, because they were sued on an obligation entered into before the bank went into liquidation, but falling due subsequently. They were the debtors of the corporation on a contract made with it, and not under a new obligation entered into with the Commissioners. The plaintiff in this rule was never the debtor of the Port Hudson Bank and Rail Road Company, so far as we are informed. Her contract was made with the Commissioners of liquidation, and she has no more right to offset the obligations of the Company or bank in discharge of it, than the purchaser of property at a sale made by syndics has to pay the price in the obligations of the insolvent.

It is, therefore, ordered and decreed, that the judgment appealed from be reversed and annulled; and it is further ordered

that the rule on the sheriff and Commissioners be discharged; the plaintiff therein paying the costs in both courts.

*Lyons*, for the plaintiff.

*A. M. Dunn* and *Roselius*, for the appellants.